**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**



FILED

MAR 2 - 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No.  06-260 (RWR) |
| | : | |
| | : | |
| v. | : | |
| | : |  |
| PETER ROSS, | : | |
| | : | |
| _____Defendant._____ | : | |

### STATEMENT OF OFFENSE

Had this case proceeded to trial, the United States would have established the following

beyond a reasonable doubt:

The Internal Revenue Service ("IRS") is an agency of the Unites States of America,

Department of the Treasury, and maintains its headquarters at 1111 Constitution Avenue, N.W.,

Washington, D.C.  The IRS has responsibility for administering provisions of the Internal Revenue

Code and is charged with assessing and collecting taxes from persons and entities on behalf of the

United States government.

Under federal law, employers are required to withhold and pay certain taxes to the IRS  in

connection with the wages they pay their employees.  These taxes are commonly referred to as

employment taxes.  Employers are required to withhold federal income tax and social security and

Medicare taxes from the wages earned by their employees and remit those taxes to the IRS on behalf

of their employees.  Employers are also required to match the social security and Medicare taxes

withheld from their employees' earnings and remit those taxes along with the federal unemployment

tax to the IRS.  Depending on the number of employees working for the particular employer, an

employer is required to remit the employment taxes at more or less frequent intervals.  Larger

employers may be required to remit those moneys every three days, while smaller employees may be required to remit the taxes on a weekly or bi-monthly basis.

Each employer is required to make an honest and accurate accounting of the employment taxes due by completing and filing a Form 941, "Employer's Quarterly Tax Return," with the IRS. The Form 941, which is signed under penalty of perjury that it is true and correct, is then forwarded to the IRS along with any outstanding taxes that are due for the particular quarter for which the form is filed.

When an employer is delinquent in remitting the employment taxes to the IRS, the IRS will contact the employer and begin its efforts to collect the outstanding taxes. As part of its collection efforts, the IRS may require the employer to file a Form 433-A, "Collection Information Statement for Individuals," in which the employer must list all assets, liabilities, income and expenses. As part of this filing, the employer has to sign a certification stating: "Under penalties of perjury, I declare that to the best of my knowledge and belief this statement of assets, liabilities, and other information is true, correct and complete."

The United States Bankruptcy Court for the District of Columbia is a Court responsible for administrating and adjudicating bankruptcy proceedings in the District of Columbia. The Court is located at the E. Barrett Prettyman United States Courthouse at Third Street and Constitution Avenue, Northwest.

As part of the bankruptcy process, the United States Trustee, an agent of the United States Department of Justice, is responsible for monitoring and adminstrating the financial affairs of debtors who had filed for protection under the Bankruptcy Code. As part of a bankruptcy

proceeding, debtors file a Summary of Schedules, listing the various assets and liabilities of the debtors, and creditors, such as the IRS, file claims against the debtors.

Defendant Peter Ross was president, chief executive officer, owner, and the responsible person of Spectrum LTD from its inception in 1983 to its closure in December 2002. Spectrum LTD, which manufactured acrylic furniture, was located at 300 L Street, Northeast, Washington, D.C. 20002.

From the quarter ending September 30, 1998 and continuing thereafter until the quarter ending September 30, 2002, within the District of Columbia, defendant Peter Ross failed to remit employment taxes on behalf of Spectrum LTD to the IRS. The outstanding employment taxes total $203,651.43.

As part of the IRS' efforts to collect the outstanding employment taxes, an IRS officer contacted defendant Peter Ross in 1999 and informed him that he was required to complete a Form 433-A, "Collection Information Statement for Individuals." This form required that defendant Peter Ross disclose all of his assets, liabilities, expenses, and income including any income derived from a trust, estate or profit sharing. Defendant Peter Ross completed the Form 433-A and signed the certification contained on the form which stated, "Under penalties of perjury, I declare that to the best of my knowledge and belief this statement of assets, liabilities and other information is true, correct and complete." Defendant Peter Ross dated the Form January 13, 2000 and filed it with the IRS. On that form, defendant Peter Ross stated that his adjusted gross yearly income was $102,000 and that he earned wages/salaries of $9,000 per month. On that same Form, defendant Peter Ross was specifically asked whether he was a "participant or beneficiary to trust, estate, profit sharing, etc." Defendant Peter Ross indicated that he was not by checking the "no" box.

3

In 2001, defendant Peter Ross completed a second Form 433-A at the behest of the IRS. He signed the certification contained on the form which stated, "Under penalties of perjury, I declare that to the best of my knowledge and belief this statement of assets, liabilities and other information is true, correct and complete." Defendant Peter Ross dated the Form April 24, 2001 and filed it with the IRS. On the 2001 Form 433-A, defendant Peter Ross stated that his adjusted gross yearly income was $90,000, that he earned wages/salaries of $6,000 per month, and that he had monthly rental income of $725. When asked whether he was a "participant or beneficiary to trust, estate, profit sharing, etc.," defendant Peter Ross indicated he was not by checking the "no" box.

Defendant Peter Ross knowingly and willfully answered the beneficiary question incorrectly and with the intent to evade or defeat the payment of taxes because at the time defendant Peter Ross signed and filed both the 2000 and 2001 Forms 433-A, defendant Peter Ross was the beneficiary of the Peter Ross Trust and received an annual income from that trust of over $50,000.

On December 23, 2002, defendant Peter Ross filed a voluntary petition for bankruptcy on behalf of Spectrum, LTD. As part of the bankruptcy proceedings, defendant Peter Ross filed a Summary of Schedules on January 2, 2003. The Summary required defendant Peter Ross to disclose the description and location of inventory and the current market value of debtor's interest in the property. On the Summary of Schedule, defendant Peter Ross indicated that Spectrum LTD had no inventory. Defendant Peter Ross knowingly and willfully answered that question incorrectly and with the intent to evade or defeat the payment of his creditors because at the time defendant Peter Ross signed and filed the Summary of Schedules, Spectrum, LTD had inventory worth over $288,061.80.

4

On September 18, 2003, the IRS filed its "Proof of Claim" with the Bankruptcy Court, seeking the payment of outstanding employment taxes.

On November 18, 2004, defendant Peter Ross was interviewed by an IRS agent and signed an affidavit admitting that he did not remit the employment taxes owed by Spectrum LTD for the years 1998 to 2002 because he used the money for personal expenses. Defendant Peter Ross further admitted that he did not disclose the Spectrum LTD's inventory of furniture valued at over $250,000 when he filed the Summary of Schedules during the bankruptcy proceedings.

On December 13, 2005, defendant Peter Ross was again interviewed by an IRS agent and signed an affidavit admitting that he failed to disclose the trust income he received when he completed the Form 433-A in 2000 and 2001 because he did not want the IRS to garnish the trust income.

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY
for the District of Columbia

By: _____

DENISE M. CLARK
Assistant U.S. Attorney
D.C. Bar# 479149
555 4th Street, N.W.
Washington, D.C. 20530
(202) 353-8213

5

## DEFENDANT'S ACCEPTANCE

I have read the Government's Proffer of Evidence setting forth the facts as to my unlawful attempt to evade or defeat the payment of taxes (Tax Evasion), in violation of Title 26, United States Code, Section 7201 . I have discussed this proffer fully with my attorney, David Lamb, Esquire. I fully understand this proffer and I acknowledge its truthfulness, agree to it and accept it without reservation. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this proffer fully.

Date: 2 MARCH '07

PETER ROSS
Defendant


## ATTORNEY'S ACKNOWLEDGMENT

I have read the government's proffer of evidence as to my client's unlawful attempt to evade or defeat the payment of taxes (Tax Evasion). I have reviewed the entire proffer with my client and have discussed it with him fully. I acknowledge my client's agreement with and acceptance of this proffer.

Date: 3/2/07

DAVID LAMB
Counsel for Defendant

6