U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

District of Columbia

**FILED**
**MAR 2 - 2007**
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Judiciary Center
555 Fourth St., N.W.
Washington, D.C. 20530

February 28, 2007



**Via Facsimile (202-785-2210) and**
**First-Class Mail**
David Lamb, Esq.
1740 N Street, N.W.
Suite No. One
Washington, D.C. 20036

                Re:    **United States v. Peter Ross**
                        Criminal Number 06-260 (RWR)

Dear Mr. Lamb:

      This letter sets forth the full and complete plea offer to your client, Mr. Peter Ross. This offer is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia and the Northern Criminal Enforcement Section of the Tax Division of the Department of Justice. This plea offer will expire on Friday, March 2, 2007. Upon receipt, the executed letter will itself become the plea agreement. The terms of the offer are as follows:

**Charges and Statutory Penalties**

      1.      Your client agrees to waive Indictment and to plead guilty to a one-count Information charging a violation of Title 26, United States Code, Section 7201 (Tax Evasion). It is understood that the guilty plea will be based on a factual admission of guilt to the offense charged to be made before the Court by your client and will be entered in accordance with Rule 11 of the Federal Rules of Criminal Procedure.

      2.      Your client understands that the maximum sentence that can be imposed for tax evasion is five (5) years imprisonment, a fine of up to $250,000.00, the costs of prosecution, a $100.00 special assessment, a three-year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made. Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in Title 18 U.S.C. Section 3553(a), including a consideration of the guidelines and

policies promulgated by the United States Sentencing Commission, <u>Guidelines Manual</u> (hereinafter "Sentencing Guidelines" or "U.S.S.G.") current on the date of the offense. In consideration of your client's plea to the above offense, your client will not be further prosecuted criminally by this Office for the conduct set forth in the attached Statement of Offense.

### Factual Stipulations

3.  Your client agrees that the attached "Statement of the Offense" fairly and accurately describes your client's actions and involvement in the offense to which your client is pleading guilty. It is anticipated that prior to or during the plea hearing, your client will adopt and sign the Statement of the Offense as a written proffer of evidence.

### Sentencing Guidelines Stipulations

4.  **Tax Loss:** Your client agrees and will acknowledge at the time of the plea of guilty to the criminal charge stated above that, pursuant to Section 2T4.1 of the Sentencing Guidelines, your client is responsible for a tax loss of more than $200,000.00, but less than $400,000.00. Your client expressly waives any right to have this stipulated tax loss determined by a jury beyond a reasonable doubt. Your client understands that this plea agreement does not preclude the Internal Revenue Service ("IRS") from assessing and determining any additional civil tax, penalties and/or interest that may be owed by your client.

5.  **Financial Arrangements:** Your client agrees that prior to or at the time of the sentencing, he will deliver to the Clerk's Office, United States District Court, a certified check in the amount of $100.00, to cover the special assessment, as required in Title 18, U.S.C. Section 3013. Your client further agrees to pay restitution of the actual tax of $203,651.43 and the resulting interest to the Internal Revenue Service, MPU Stop 151, Restitution Unit, P.O. Box 47-421, Doraville, GA 30362. Your client agrees that he will sign any IRS forms deemed necessary by the IRS to enable the IRS to make an immediate assessment of the portion of the tax and interest that he agrees to pay as restitution. Your client also agrees to sign IRS Form 8821, "Tax Information Authorization," and also agrees to provide a full and complete accounting of all assets, real or tangible, held by him or in any other name for his benefit, and, to that end, to submit a standard Form 500 (Financial Statement of Debtor). Your client agrees to make full and complete restitution in this matter. He further agrees to make an immediate payment towards his restitution amount of at least $40,730.29 on or before the date of sentencing.

6.  **Tax Liabilities:** Your client further agrees that he is liable for the fraud penalty under Title 26, U.S.C. Section 6663 or 6651(f) on the amount of tax set forth in paragraph 5. Your client agrees to the immediate assessment of the fraud penalty on the amount of tax set forth in paragraph 5 and agrees that in order to enable the IRS to make an immediate assessment of the fraud penalty, the IRS form he agreed to sign in paragraph 5 will include the appropriate amount of the fraud penalty. Your client further agrees not to challenge or dispute any fraud penalties on the amount of tax set forth in paragraph 5. Your client further agrees to cooperate with the IRS in resolving his

personal civil tax liabilities and the civil tax liabilities of Spectrum LTD and Spectrum West. Your client also agrees to file timely, accurate and lawful personal and business tax returns. Your client also agrees that this agreement, or any judgment, order, release, or satisfaction issued in connection with this agreement, will not satisfy, settle, or compromise your client's obligation to pay the balance of any remaining civil liabilities, including tax, additional tax, additions to tax, interest and penalties, owed to the IRS for the time periods covered by this agreement or any other time period.

7. **Acceptance of Responsibility:** Provided that your client clearly demonstrates acceptance of responsibility to the satisfaction of the Government, through your client's allocution and subsequent conduct prior to the imposition of sentence, the Government agrees that a 2-level reduction would be appropriate, pursuant to Section 3E1.1(a) of the Sentencing Guidelines. Furthermore, assuming your client has accepted responsibility as described in the previous sentence, the Government agrees that an additional 1-level reduction would be appropriate, pursuant to Section 3E1.1(b) of the Sentencing Guidelines because your client has assisted authorities by providing timely notice of your client's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

8. Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, *see* Section 3E1.1 of the Sentencing Guidelines, and/or imposition of an adjustment for obstruction of justice, *see* Section 3C1.1 of the Sentencing Guidelines, regardless of any stipulation set forth above, should your client move to withdraw your client's guilty plea after it is entered, or should it be determined that your client has either (i) engaged in conduct, unknown to the Government at the time of the signing of this Agreement that constitutes obstruction of justice or (ii) engaged in additional criminal conduct after signing this Agreement.

9. **Stipulation as to Total Offense Level:** Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties stipulate to the following:

§ 2T1.1(a)(1)

   Offense: Tax Evasion - Loss of more than $200,000.00
    (§ 2T4.1(G) Tax table)             18

§ 3E1.1

   Acceptance of Responsibility (subject to ¶ 8)     (-3)

TOTAL                       15

3

### Guideline Departures

10.   The parties agree that under the Sentencing Guidelines neither a downward nor an upward departure from the applicable Guidelines Range is warranted. Accordingly, neither party will seek such a departure or seek any adjustment not set forth herein. Nor will either party suggest that the Court consider such a departure or adjustment.

### Agreement as to Sentencing Allocution

11.   The parties further agree that a sentence within the applicable Guidelines Range established by the Sentencing Guidelines, if determined in accordance with the parties' stipulations in this Agreement, would constitute a reasonable sentence in light of all of the factors set forth in Title 18, United States Code, Section 3553(a). However, the parties agree that the Defendant may seek a sentence outside of the Guideline Range established by the Sentencing Guidelines and may suggest that the Court consider a sentence outside that Guidelines Range based upon the factors to be considered in imposing sentence pursuant to Tile 18 United States Code, Section 3553(a).

12.   In addition, the Government reserves its right to full allocution in any post-sentence litigation in order to defend the Court's ultimate decision on such issues. Your client further understands that the Government retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. In addition, your client acknowledges that the Government is not obligated and does not intend to file any downward departure sentencing motion under Section 5K1.1 of the Sentencing Guidelines, 18 U.S.C., Section 3553(e), or any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

### Court Not Bound by the Plea Agreement

13.   It is understood that pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B) and 11(c)(3)(B) the Court is not bound by the above stipulations, either as to questions of fact or as to the parties' determination of the applicable Guidelines range, or other sentencing issues. In the event that the Court considers any Guidelines adjustments, departures, or calculations different from any stipulations contained in this Agreement, or contemplates a sentence outside the Guidelines range based upon the general sentencing factors listed in Title 18, United States Code, Section 3553(a), the parties reserve the right to answer any related inquiries from the Court.

### Court Not Bound by the Non-Mandatory Sentencing Guidelines

14.   It is understood that the sentence to be imposed upon your client is determined solely by the Court. It is understood that the Sentencing Guidelines are not binding on the Court. Your client acknowledges that your client's entry of a guilty plea to the charged offense authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range. The Government cannot, and does not, make

any promise or representation as to what sentence your client will receive. Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence outside the Guidelines range.

### Release Pending Sentencing

15. In exchange for his guilty plea, the government agrees not to oppose your client's release pending sentencing, and agrees not to oppose your client's voluntary surrender to commence serving any sentence which is imposed, provided that your client continues to show his acceptance of responsibility by: (a) cooperating with the presentence report writer (including answering all material questions truthfully and providing all financial information requested); (b) cooperating fully and truthfully with the Court in any proceeding arising from this matter; (c) complying with the other provisions of this agreement; and (d) abiding by the conditions set for his release by the Court.

### Breach of Agreement

16. Your client understands and agrees that if, after entering this Plea Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Plea Agreement. In the event of such a breach: (a) the Government will be free from its obligations under the Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Agreement, including your client's statements made during proceedings before the Court pursuant to Federal Rule of Criminal Procedure 11.

17. Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules.

18. Your client understands and agrees that the Government shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. Your client further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

19. Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the

execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

### Waiver of Statute of Limitations

20.    It is further agreed that should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

### DOJ's Criminal Tax Section and USAO's Criminal Division Bound

21.    Your client understands that this agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia and the Northern Criminal Enforcement Section of the Tax Division of the Department of Justice. This agreement does not bind the Civil Division of this Office, any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

### Complete Agreement

22.    No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

23.  If the foregoing terms and conditions are satisfactory, your client may so indicate by signing the Agreement in the space indicated below and returning the original to me once it has been signed by your client and by you or other defense counsel.

Sincerely yours,

_____
JEFFREY A. TAYLOR
United States Attorney
D.C. Bar No. 498610

By: _____
Precious Murchison
Assistant United States Attorney
Maryland Bar
U.S. Attorney's Office
555 4th Street, N.W., Rm. 4840
Washington, D.C. 20530
(202) 307-6080
precious.murchison@usdoj.gov

### DEFENDANT'S ACCEPTANCE

I have read all 6 pages of this plea agreement and have discussed it with my attorney, David Lamb, Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 2 MARCH 07

_____
Peter Ross
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the 6 pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely sets forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: 3/2/07

David Lamb, Esquire
Attorney for the Defendant