UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 06-260 (RWR) |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PETER ROSS, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S MOTION FOR GUIDELINES CREDIT AND
MEMORANDUM IN AID OF SENTENCING**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves the Court, pursuant to § 3E1.1(a) & (b) of the Sentencing Guidelines, to adjust the Defendant's offense level down three levels reflecting the Defendant's acceptance of responsibility for this offense. The United States also submits this memorandum in aid of sentencing.

**I.     BACKGROUND**

On September 6, 2006, the Defendant was charged in a one-count criminal Information with Tax Evasion, in violation of 26 United States Code, Section 7201. On March 2, 2007, the Defendant pled guilty to the Information. At that time the Defendant signed a "Statement of offense" and admitted to following:

Defendant Peter Ross was president, chief executive officer, owner, and the responsible person of Spectrum LTD from its inception in 1983 to its closure in December 2002. Spectrum LTD, which manufactured acrylic furniture, was located at 300 L Street, Northeast, Washington, D.C. 20002.

1

From the quarter ending September 30, 1998 and continuing thereafter until the quarter ending September 30, 2002, within this District, the Defendant failed to remit employment taxes on behalf of Spectrum LTD to the IRS. The outstanding taxes total $203,651.43.

As part of the IRS' efforts to collect the outstanding employment taxes, an IRS officer contacted the Defendant in 1999 and informed him that he was required to complete a Form 433-A, "Collection Information Statement for Individuals." The Defendant completed the Form 433-A and signed the certification contained on the form which stated, "Under penalties of perjury, I declare that to the best of my knowledge and belief this statement of assets, liabilities and other information is true, correct and complete." The Defendant dated the Form January 13, 2000 and filed it with the IRS. On that Form, the Defendant stated that his adjusted gross yearly income was $102,000 and that he earned wages/salaries of $9,000 per month. On that same Form, the Defendant was specifically asked whether he was a "participant or beneficiary to trust, estate, profit sharing, etc." The Defendant indicated that he was not by checking the "no" box.

In 2001, the Defendant completed a second Form 433-A at the behest of the IRS. He signed the certification contained on the Form which stated, "Under penalties of perjury, I declare that to the best of my knowledge and belief this statement of assets. liabilities and other information is true, correct and complete." The Defendant dated the Form April 24, 2001 and filed it with the IRS. On the 2001 Form 433-A, the Defendant stated that his adjusted gross yearly income was $90,000, that he earned wages/salaries of $6,000 per month, and that he had monthly rental income of $725. When asked whether he was a "participant or beneficiary to trust, estate, profit sharing etc., the Defendant indicated he was not by checking the "no" box.

2

The Defendant knowingly and willfully answered the beneficiary question incorrectly and with the intent to evade or defeat the payment of taxes because at the time the Defendant signed and filed both the 2000 and 2001 Forms 433-A, the Defendant was the beneficiary of the Peter Ross Trust and received an annual income from the trust of over $50,000.

On December 23, 2002, the Defendant filed a voluntary petition for bankruptcy on behalf of Spectrum LTD. As part of the bankruptcy proceedings, the Defendant filed a summary of Schedules on January 2, 2003. The Summary required the Defendant to disclose a description and location of inventory and the current market value of debtor's interest in the property. On the Summary of Schedule, the Defendant indicated that Spectrum LTD had no inventory. The Defendant knowingly and willfully answered the question incorrectly and with the intent to evade or defeat the payment of his creditors because at the time the Defendant signed and filed the Summary of Schedules, Spectrum LTD had inventory worth over $288,061.80.

On November 18, 2004, the Defendant was interviewed by an IRS agent and signed an affidavit admitting that he did not remit the employment taxes owed by Spectrum LTD for the years 1998 to 2002 because he used the money for personal expenses. The Defendant further admitted that he did not disclose Spectrum LTD's inventory of furniture valued at over $250,000 when he filed the Summary of Schedules during the bankruptcy proceedings.

On December 13, 2005, the Defendant was again interviewed by an IRS agent and signed an affidavit admitting that he failed to disclose the trust income he received when he completed the Form 433-A in 2000 and 2001 because he did not want the IRS to garnish the trust income.

## II. SENTENCING CALCULATION

### A. Statutory Minimums and Maximums

The charge carries a maximum sentence of five years imprisonment, a fine of up to $250,000, a special assessment of $100.00, and up to three years of supervised release.

### B. Sentencing Guidelines Calculation

The Guidelines calculation utilized in the Presentence Investigation Report ("PSR") calculates the Defendant's total offense level at 15. See PSR ¶ 33. (This calculation contemplates a three-level increase to the Defendant's base offense level pursuant to Section 3E1.1 of the Guidelines). The PSR calculates the Defendant's criminal history as Category I. See PSR ¶ 36. Therefore, the PSR calculates the Guideline range for the Defendant at 18 to 24 months. See PSR ¶ 78.

## III. GOVERNMENT'S RECOMMENDATIONS

### A. Acceptance of Responsibility

The government agrees that the Defendant's base offense level should be decreased by three points pursuant to Section 3E1.1 of the Sentencing Guidelines. He entered a guilty plea, thereby admitting the conduct comprising the offense, and he has cooperated in the pre-sentence investigation. Accordingly, the government is moving the Court to grant a three-level decrease in the offense level pursuant to § 3E1.1 of the Sentencing Guidelines.

### B. Application of the Federal Guidelines post-Booker

The Court should impose a sentence at the low end of the Guidelines range. In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court held that the mandatory application of the United States Sentencing Guidelines violates the Sixth Amendment principles articulated in Blakely

v. Washington, 124 S. Ct. 2531 (2004). As a consequence, the Court invalidated the statutory provision that made the Guidelines mandatory, Title 18, United States Code, Section 3553(b)(1). Booker, 125 S. Ct. at 756. However, the Court expressly refused to invalidate the Guidelines in their entirety. To the contrary, the Court upheld the remainder of the Guidelines as the most appropriate benchmark for informing courts as to the most reasonable sentence for a particular defendant who has committed a particular crime. Indeed, it remains the case that if the sentencing court imposes a sentence that is outside the range as set forth in the Guidelines, the Court must state in a written order of judgment and commitment the specific reason for the imposition of a sentence different from that described in the Guidelines. See 18 U.S.C. Section 3554(c)(2). The sentence will then be subject to review by courts of appeals for "reasonableness." Id. at 769.

In Booker's wake, this Court must continue to resolve disputed questions of fact and law and correctly calculate a defendant's sentence under the existing Sentencing Guidelines. See Fed. R. Crim. P. 32(i)(3)(B) (Court must rule on unresolved objections to the Presentence Report or determine that resolution not necessary to sentencing). "The district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." Booker, 125 S. Ct. at 767 (citing 18 U.S.C. Sections 3553(a)(4)&(5) (Supp. 2004)). The Guidelines, aiming to achieve the uniform and appropriate treatment of like crimes, represent the distillation of two decades of careful study of sentencing practices across the country, and correlate as well to the varying severity of crimes as defined by Congress. A sentence within the Guideline range is reasonable in this case because it would help further the goals articulated in 18 U.S.C. Section 3553(a) such as "the need for the sentence imposed -- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate

deterrence to criminal conduct; © to protect the public from further crimes of the defendant; and (D) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."

    C.    <u>Basis for Government's Sentencing Recommendation</u>

Pursuant to 18 United States Code, Section 3553(a), the Court should impose a sentence of 18 months. This low-end Guidelines sentence is appropriate for a number of reasons. First, the serious nature and circumstances of the offense justifies imposition of the 18 months imprisonment. Here, the Defendant failed to pay a significant employment tax over an extended period of time, and even after the IRS made multiple efforts to collect the outstanding tax amount, the Defendant, through a series of separate acts, continued to evade payment. Second, the history and characteristics of the Defendant warrant a sentence of 18 months imprisonment. The Defendant is a highly educated man who comes from a "good, solid[,] middle-class family." Despite those advantages, and others, the Defendant chose to violate the tax law. The Defendant admitted that he failed to remit the employment taxes because he "used the money for personal expenses," and he failed to disclose his trust income because he "did not want the IRS to garnish" it. The Defendant's purposeful course of conduct required some minimal planning. In this case, a Guidelines sentence is necessary to promote respect for the law, provide just punishment for the offense and adequately deter the Defendant's criminal conduct.

## IV. CONCLUSION

Wherefore, the government respectfully requests that the Court sentence the Defendant at the lowest end of the Guidelines to a period of 18 months of incarceration.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
D.C. Bar 498-610

_____

Precious Murchison
Assistant United States Attorney
Federal Major Crimes Section
Maryland Bar
555 4th Street, N.W.
Washington, DC 20530
(202) 307-6080
Fax: 353-9414
